MARSH & PENDLETON *v.* AMBROSE J. FOSTER.

Appeal from an order of seizure and sale, on the ground that the mortgage notes contained a condition that could not be judicially assumed as having happened. The mortgage notes contained the following clause : " And in case of an overflow of the river, the payment to be extended one year longer, by paying interest." *By the Court:* This clause cannot be considered as containing a suspensive condition. It is clear that the defendant's obligation did not depend upon a future, or uncertain event; on the contrary, its terms were express. Code, 2015, 2016, 2038. The object of this clause, it is in evidence, was to secure to the defendant, in the event of an overflow, the right to prolong the term of his obligation. In order to exercise that right, the burden was on him to show that the event had happened at the time the order of seizure and sale was sued out.

APPEAL from the District Court, Ninth District, parish of Concordia. *Cooley*, J. *Stockton & York*, for plaintiffs. *Stacy & Sparrow*, for defendant and appellant.

VOORHIES, J. This is an appeal from an order of seizure and sale.

The defendant claims the reversal of the order on the following grounds, assigned by him as errors apparent on the face of the record :

" *First.*—The time when the notes and mortgage upon which said order of seizure and sale was granted, would become due and payable, was uncertain. It depended upon the happening or non-happening of a certain event, independent of the will or power of either of the parties. If it had not happened at the time the order of seizure and sale was sued out, then one of the notes was due; if it had happened, then said note would not mature till the 23d of

MARSH
*v.*
FOSTER.

April, 1855. This was a matter *en pais*, to be inquired of by the country, and it could not be judicially assumed as true, that said event had not happened. The assuming the fact by the District Judge, and granting the order upon that assumption, was error, and the order illegal."

The two mortgage notes declared upon, contain respectively the following clause, viz:

"And in case of an overflow of the river, the payment to be extended one year longer, by paying interest."

This clause cannot be considered, in our opinion, as implying a suspensive condition. It is clear that the defendant's obligation did not depend on a future or uncertain event; on the contrary, its terms were express. C. C. 2015, 2016, 2038. The object of this clause, it is evident, was to secure to the defendant, in the event of an overflow, the right to prolong the term of his obligation. In order to exercise that right, the burden, we think, was on him to show that the event had happened at the time the order of seizure and sale was sued out. If the event had happened when the order issued, it is clear he would have been entitled to relief on a proper showing, in the same manner as where time had been granted to a debtor for the payment of the debt, although not mentioned in the contract. C. P. 739 *et seq.*

*Second.*—" As to the other note, it was error to assume that the event specified in it would not happen, and that the note would fall due the 23d of April, 1855. This could neither be known or foreseen at the time of granting the order, which was palpably erroneous."

This ground presents the same question as the first. It suffices to add, that the plaintiff had the right to require that the property should be sold for the whole of his debt, in accordance with the terms of the contract. C. P. 686. In case of an overflow previous to the sale, the property must be sold, if required by the defendant, in relation to the last installment, payable on the 20th of April, 1856.

*Third.*—"The record, on its face, shows the contract to be usurious. The actual amount of indebtedness was the face of the notes on the 20th of April, 1852. They were made to bear eight per cent. interest from the first day of January previous, and the order was granted on that basis, and for the amount, including the interest stipulated to be paid on the amount of the note previous to the date of their execution."

In the absence of any proof to the contrary, we think it may be fairly assumed that the notes were given as evidence of a debt due by the defendant to the plaintiffs, on the 1st of January, 1852.

It is therefore ordered and decreed, that the judgment of the court below be affirmed, with costs.